UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES for the use and benefit of GEM PLUMBING & HEATING CO., INC.
Plaintiff,

VS.

M.A. MORTENSON COMPANY, FEDERAL INSURANCE COMPANY and TRAVELERS CASUALTY AND SURETY COMPANY
Defendants.

CA 06 226

C.A. No.: 06-

**COMPLAINT**

1. Plaintiff, Gem Plumbing & Heating Co., Inc. ("Gem") is a Rhode Island corporation with a principal place of business located in Lincoln, Rhode Island. The business of Gem is residential and commercial mechanical contracting.

2. Defendant, M.A. Mortenson Company ("Mortenson"), is a corporation with a principal place of business located in Minneapolis, Minnesota. At all times material hereto, Mortenson was authorized to do business in the State of Rhode Island.

3. Defendant, Federal Insurance Company ("Federal"), is a corporation with a principal place of business in Warren, New Jersey. Federal is in the business, inter alia, of furnishing performance and labor and material payment bonds to the construction industry. At all times material hereto, Federal was authorized to do business in the State of Rhode Island and was acting in its capacity as co-surety to Mortenson.

4. Defendant, Travelers Casualty and Surety Company ("Travelers"), is a corporation with a principal place of business located in Hartford, Connecticut. Travelers is in the business, inter alia, of furnishing performance and labor and material payment bonds to the

construction industry. At all times material hereto, Travelers was authorized to do business in the State of Rhode Island and was acting in its capacity as co-surety to Mortenson.

5. Jurisdiction of this Court is pursuant to 40 U.S.C.A. § 3131, et seq., the Federal Miller Act.

**COUNT ONE**
**(AGAINST FEDERAL)**

6. Gem repeats and realleges each and every allegation contained in paragraphs 1 through 5 of the Complaint with the same force and effect as if set forth in full herein.

7. On or about July 13, 2003, North East Mechanical ("North East") entered into three contracts with Mortenson wherein North East agreed to install the plumbing, heating and air-conditioning in a number of separate buildings for the United States Navy on construction projects known as "Newport Navy Base-Buildings 36, 347 & 360," in Newport, Rhode Island for the lump sum prices of $585,000.00, $545,000.00, and $850,000.00, respectively, exclusive of change orders and extra work performed by Gem.

8. On or about November 1, 2004, Gem, with the permission of North East, Federal, Travelers, and Mortenson, took over the North East contract with Mortenson.

9. As of the date of this complaint the work is complete, but Mortenson has, in breach of its contract, failed and neglected to pay Gem its balance due, which is now due and payable.

10. By virtue of its having issued a Miller Act bond guaranteeing that Mortenson would fulfill its obligations under the contract, Defendant Federal, as surety, is liable for the full amount due, plus interest.

11. All conditions precedent to make this claim pursuant to the Miller Act have been met by Gem.

**COUNT TWO**
**(AGAINST FEDERAL)**

12. Gem repeats and realleges each and every allegation contained in paragraphs 1 through 11 of the Complaint with the same force and effect as if set forth in full herein.

13. In addition to its contract work, the actions of Mortenson in failing to permit access to the site as promised, to coordinate the work of other trades, to maintain the schedule of the project and to allow Gem's work to proceed in an orderly and timely manner, has caused Gem increased delay, disruption and additional labor, material and overhead costs for which Defendant Federal is liable as surety.

**COUNT THREE**
**(AGAINST MORTENSON)**

14. Gem repeats and realleges each and every allegation contained in paragraphs 1 through 13 of the Complaint with the same force and effect as if set forth in full herein.

15. As of the date of this complaint the work is complete, but Mortenson has, in breach of its contract, failed and neglected to pay Gem its balance due, which is now due and payable with interest.

16. By virtue of Mortenson's failure and neglect to pay its balance due, Gem has been damaged.

17. All conditions precedent to make this claim pursuant to the Miller Act have been met by Gem.

**COUNT FOUR**
**(AGAINST MORTENSON)**

18. Gem repeats and realleges each and every allegation contained in paragraphs 1 through 17 of the Complaint with the same force and effect as if set forth in full herein.

19. In addition to its contract work, the actions of Mortenson in failing to permit access to the site as promised, to coordinate the work of other trades, to maintain the schedule of the project and to allow Gem's work to proceed in an orderly and timely manner, has caused Gem increased delay, disruption and additional labor, material and overhead costs for which Defendant Mortenson is liable.

**COUNT FIVE**
**(AGAINST MORTENSON)**

20. Gem repeats and realleges each and every allegation contained in paragraphs 1 through 19 of the Complaint with the same force and effect as if set forth in full herein.

21. Mortenson acted in breach of its duty of good faith and fair dealing in one or more of the following ways:

a. Interference with Gem's contracts with subcontractors by hiring outside contractors to perform said work;

b. Failure to provide adequate job management and quality control;

c. Failure to respond to document requests from Gem;

d. Failure to cooperate with Gem in the performance of its contractual obligations.

22. By virtue of Mortenson's failure to act in good faith and to deal fairly with Gem, Gem has been damaged.

**COUNT SIX**
**(AGAINST TRAVELERS)**

23. Gem repeats and realleges each and every allegation contained in paragraphs 1 through 22 of the Complaint with the same force and effect as if set forth in full herein.

24. On or about July 13, 2003, North East Mechanical ("North East") entered into three contracts with Mortenson wherein North East agreed to install the plumbing, heating and air-conditioning in a number of separate buildings for the United States Navy on construction projects known as "Newport Navy Base-Buildings 36, 347 & 360," in Newport, Rhode Island for the lump sum prices of $585,000.00, $545,000.00, and $850,000.00, respectively, exclusive of change orders and extra work performed by Gem.

25. On or about November 1, 2004, Gem, with the permission of North East, Federal, Travelers, and Mortenson, took over the North East contract with Mortenson.

26. As of the date of this complaint the work is complete, but Mortenson has, in breach of its contract, failed and neglected to pay Gem its balance due, which is now due and payable.

27. By virtue of its having issued a Miller Act bond guaranteeing that Mortenson would fulfill its obligations under the contract, Defendant Travelers, as surety, is liable for the full amount due, plus interest.

28. Upon information and belief, Travelers has been notified of Gem's claim by its co-surety Federal.

29. All conditions precedent to make this claim pursuant to the Miller Act have been met by Gem.

**COUNT SEVEN**
**(AGAINST TRAVELERS)**

30. Gem repeats and realleges each and every allegation contained in paragraphs 1 through 29 of the Complaint with the same force and effect as if set forth in full herein.

31. In addition to its contract work, the actions of Mortenson in failing to permit access to the site as promised, to coordinate the work of other trades, to maintain the schedule of

the project and to allow Gem's work to proceed in an orderly and timely manner, has caused Gem increased delay, disruption and additional labor, material and overhead costs for which Defendant Travelers is liable as surety.

**WHEREFORE**, Gem Plumbing & Heating Co., Inc. demands judgment against Defendants for:

(a) actual, compensatory, consequential and special damages;

(b) reasonable attorneys' fees;

(c) interest and costs; and

(d) such other relief as this Court deems just and proper.

**Plaintiff hereby demands trial by jury on all issues so triable.**

GEM PLUMBING & HEATING CO., INC.
Plaintiff,
By its Attorneys,

Stephen J. Brouillard, Esq. # 6284
Orson and Brusini Ltd.
55 Dorrance Street, Suite 400
Providence, RI 02903
(401) 223-2100
(401) 861-3301 fax
Dated: May 16, 2006